IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN L. DECKER,

    Plaintiff,                    No. 2:07-cv-1379 FCD JFM (PC)

    vs.

BRONZON YSLAS,                  ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 1, 2008, plaintiff filed a letter in which he seeks appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

/////

In his filing, plaintiff also contends that defendants are in default because they were ordered to serve plaintiff with their Rule 12 motion 60 days after they stipulated to waive service of process. (Id. at 2.) However, the waiver form provided that defendants could file an answer OR Rule 12 motion. Defendants filed their answer on February 21, 2008, which was deemed timely by this court's February 25, 2008 order discharging the order to show cause. Defendants are not presently in default.

As noted by the court's notice, the court cannot render legal advice. However, the October 24, 2007 order included information to assist plaintiff in opposing defendants' motion for summary judgment, filed August 12, 2008. Defendants' motion for summary judgment is briefed pursuant to Local Rule 78-230(m). Plaintiff is cautioned that failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.

Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any

part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

A motion or opposition supported by unsigned affidavits or declarations will be stricken.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 1, 2008 request for appointment of counsel is denied.

DATED: August 21, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; deck1379.inf