IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN L. DECKER,

        Plaintiff,                        No. 2:07-cv-1379 FCD JFM (PC)

    vs.

BRONZON YSLAS,                    ORDER

        Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 3, 2008, plaintiff filed a request for extension of time to file pretrial statements and a notice that he will move for pretrial judgment in favor of plaintiff as a matter of law. On November 21, 2008, the November 28, 2008 pretrial conference date was vacated, the parties were relieved of their obligation to file a pretrial statement, and informed that a further scheduling order would issue once the district court addressed the pending motion for summary judgment. A revised scheduling order is being issued herewith. Thus, plaintiff's request for extension is unnecessary and will be denied.

/////

/////

1

Plaintiff's attempt to move for pretrial judgment is untimely.[1]  The pretrial motions deadline expired on August 15, 2008.  See February 25, 2008 Scheduling Order.  Thus, plaintiff's motion for pretrial judgment will also be denied.

On December 3, 2008, plaintiff filed a third motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 3, 2008 motion and request (docket no. 44) are denied; and

2. Plaintiff's December 3, 2008 motion for appointment of counsel (docket no. 43) is denied.

DATED:  December 16, 2008.

UNITED STATES MAGISTRATE JUDGE

001; deck1379.31(2)

---

[1] Moreover, the disputed facts that warranted denial of defendants' motion for summary judgment also preclude entry of summary judgment on behalf of plaintiff.  Pursuant to the November 6, 2008 findings and recommendations, there are genuine issues of disputed facts in contention that must be resolved by jury trial.